UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SABRINA J. J. o/b/o T.I.J.,

                              Plaintiff,

                    v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                              Defendant.
_____

DECISION AND ORDER

20-CV-1327L

Plaintiff, on behalf of her minor daughter, T.I.J. ("claimant"), appeals from a denial of supplemental security income benefits by the Commissioner of Social Security ("the Commissioner"), based on the Commissioner's finding that T.I.J. was not disabled.

Plaintiff protectively filed an application for supplemental security income on May 15, 2017, on T.I.J.'s behalf, claiming disability as of May 15, 2016. That claim was initially denied on September 19, 2017. Plaintiff requested a hearing, which was held on June 13, 2019 via videoconference before Administrative Law Judge ("ALJ") Brian Battles. (Dkt. #10 at 15). On July 30, 2019, the ALJ issued a decision concluding that T.I.J. was not disabled. (Dkt. #10 at 15-27). That decision became the final decision of the Commissioner when the Appeals Council denied review on July 22, 2020. (Dkt. #10 at 1-3). Plaintiff now appeals.

Plaintiff has moved (Dkt. #12) and the Commissioner has cross moved (Dkt. #13) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons that follow, I find

that the Commissioner's decision is supported by substantial evidence, and was not the product of legal error.

**DISCUSSION**

**I.     Relevant Standards**

Because the claimant is a child, a particularized, three-step sequential analysis is used to determine whether she is disabled. First, the ALJ must determine whether the claimant is engaged in substantial gainful activity. *See* 20 CFR §416.924. If so, the claimant is not disabled. If not, the ALJ proceeds to step two, and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act. If not, the analysis concludes with a finding of "not disabled." If so, the ALJ continues to step three.

At step three, the ALJ examines whether the claimant's impairment meets or equals the criteria of a listed impairment. If the impairment meets or medically equals the criteria of a listing and meets the durational requirement (20 CFR §416.924) – that is, if the child's impairments are functionally equivalent in severity to those contained in a listed impairment – the claimant is disabled. If not, she is not disabled. In making this assessment, the ALJ must measure the child's limitations in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for himself; and (6) health and physical well-being. Medically determinable impairments will be found to equal a listed impairment where they result in "marked" limitations in *two or more* domains of functioning, or an "extreme" limitation in one or more. 20 CFR §§416.926a(a), (d) (emphasis added).

The Commissioner's decision that T.I.J. is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002).

## II.      The ALJ's Decision

The ALJ initially found that since the May 15, 2017 application date, T.I.J. (8 years old at the time of the application) has had the severe impairments of attention deficit hyperactivity disorder, opposition defiant disorder, and specific learning disability. (Dkt. #10 at 18). The ALJ proceeded to analyze whether T.I.J. has any "marked" or "extreme" limitations in any of the six domains of functioning.

Based on the medical, educational and testimonial evidence presented, the ALJ concluded that T.I.J. had a less than marked limitation in acquiring and using information, a less than marked limitation in attending and completing tasks, a less than marked limitation in interacting and relating with others, no limitation in moving about and manipulating objects, a less than marked limitation in caring for herself, and no limitations in health and physical well-being. The ALJ accordingly concluded that T.I.J. was "not disabled." (Dkt. #10 at 23-27).

## III.     The ALJ's Assessment of the Domains of: (1) Acquiring and Using Information; and (2) Attending and Completing Tasks

Plaintiff argues that the ALJ failed to properly evaluate the domains of acquiring and using information, and attending and completing tasks.[1]  Specifically, plaintiff argues that the ALJ erred in finding T.I.J.'s limitations in these two domains "less than marked," rather than marked or extreme.

---

[1] Plaintiff does not meaningfully challenge the ALJ's findings with respect to the other domains of functioning, and I find no error in the ALJ's analysis thereof.

In assessing T.I.J.'s ability to acquire and use information, the ALJ considered the opinions of consulting psychiatrist Dr. Gregory Fabiano, which the ALJ found "persuasive." (Dkt. #10 at 21-22). Dr. Fabiano examined T.I.J. on August 5, 2017. He noted that although she had needed to repeat kindergarten, her intellectual functioning was "borderline to below average," and her psychiatric and cognitive problems were not significant enough to interfere with her ability to function on a daily basis. Dr. Fabiano assessed "moderate" limitations in the domains of acquiring and using information, maintaining attention and concentration, and social interaction. (Dkt. #10 at 78, 299-309). The ALJ also took note of T.I.J.'s improved attendance and grades in her coursework. Her grades ranged from 75 to 94 in 2017-18 (third grade), and 85 to 100 during the 2018-19 school year (fourth grade). (Dkt. #10 at 22, 313, 315, 317). Based on T.I.J.'s academic performance and Dr. Fabiano's opinion, the ALJ concluded that T.I.J.'s limitations in acquiring and using information were less than marked. (Dkt. #10 at 22).

In determining T.I.J.'s limitations in attending and completing tasks, the ALJ mentioned testimony by T.I.J.'s mother that she does not finish tasks she starts, such as chores or homework, but is able to get to school on time. (Dkt. #10 at 21, 23). Nonetheless, plaintiff's fourth grade teacher had indicated that T.I.J. had no problems in five of the thirteen categories assessed for the domain of attending and completing tasks, including maintaining focus, and finishing tasks such as coursework and homework. (Dkt. #10 at 272-79). Finding the teacher's opinion "somewhat persuasive" and elsewhere noting that plaintiff's mother had reported at T.I.J.'s most recent medication management visit that "everything seems to be going well" and that T.I.J.'s symptoms were typically noted to be under good control, the ALJ determined that T.I.J.'s limitations in attending and completing tasks were less than marked. (Dkt. #10 at 20, 23, 333, 356-58).

In arguing that the ALJ's findings in these two domains were erroneous, plaintiff relies on the opinion of T.I.J.'s fourth grade teacher, who had indicated that T.I.J. was performing at a grade level of 2.0-2.5 despite her grade point average, and that T.I.J. had "moderate" problems in eight out of ten categories assessed for the domain of acquiring and using information. (Dkt. #10 at 272-79). The teacher also noted five "slight" problems, one "moderate" problem, and one "serious" problem out of the thirteen categories, presenting "weekly," in the domain of attending and completing tasks. *Id.*[2]

I find no error in the ALJ's finding that the teacher's opinion was "somewhat persuasive," or in his implicit determination that it did not support a finding of "marked" or greater limitations in any domain. The Court observes that although teacher questionnaires are manifestly probative of a child's limitations, courts have consistently rejected the argument that a teacher's opinion that a child has some "serious" limitations in one or more areas of a functional domain necessarily translates into a "marked" limitation in that domain, particularly where, as here, medical opinion evidence indicated no more than moderate limitations. *See e.g.*, *White o/b/o T.R.W. v. Berryhill*, 2019 U.S. Dist. LEXIS 50673 *12 n.3 (W.D.N.Y. 2019)(collecting cases). The case law cited by plaintiff in favor of a contrary finding (Dkt. #12-1 at 11) is inapposite. *See Stanley v. Commissioner*, 32 F. Supp. 3d 382, 397 (N.D.N.Y. 2012) (cited by plaintiff in support of the proposition that a teacher assessment noting moderate or serious problems is "compelling evidence" of a marked limitation), *report and recommendation rejected by* 32 F. Supp. 3d 382, 388 (N.D.N.Y. 2014) (declining to adopt report and recommendation because, inter alia, a

---

[2] The levels of limitation assessed on the form permit the reviewer to rate a child's limitations, in comparison with same-aged children with no impairments, as: (1) no problem; (2) a slight problem; (3) a moderate problem; (4) a serious problem; and (5) a very serious problem. (Dkt. #10 272-79). Frequency estimates for problems in the domain of attending and completing tasks can be assessed as occurring "monthly," "weekly," "daily," or "hourly." (Dkt. #10 at 275).

teacher's opinion identifying "moderate" or "serious" limitations does *not* support an administrative finding of marked or greater limitations, especially where contradicted by a physician's opinion).

On balance, I find that the ALJ's determination that T.I.J.'s limitations in acquiring and using information, and attending and completing tasks, were "less than marked," was supported by substantial evidence, including the opinion of consulting psychologist Dr. Fabiano, T.I.J.'s treatment records, her academic records, and the assessment of her fourth grade teacher.

Plaintiff also argues that the ALJ improperly failed to consider T.I.J.'s limitations in the absence of a structured setting. Plaintiff is correct that, "[u]nder the Social Security Rulings, a child who 'needs a person[], treatment, device, or structured, supportive setting to make his functioning possible or improve the functioning . . . has a limitation, even if he is functioning well with the help or support.'" *Martin v. Kijakazi*, U.S. Dist. LEXIS 240990 at *15-*16 (E.D. Pa. 2021)(quoting *Brown v. Colvin*, 193 F. Supp. 3d 460, 466 (E.D. Pa. 2016)). Because a supportive setting "may minimize signs and symptoms of [the claimant's] impairment(s)," an ALJ must "consider [the claimant's] need for a structured setting and the degree of limitation in functioning [the claimant has] or would have outside the structured setting." 20 C.F.R. §416.924a(b)(5)(iv)(C). For example, "if [the claimant's] symptoms or signs are controlled or reduced in a structured setting," the ALJ must "consider . . . the amount of help [the claimant needs] from [his] parents, teachers, or others to function as well as [he does]; adjustments [made] to structure [the claimant's] environment; and how [the claimant] would function without the structured or supportive setting." 20 C.F.R. §416.924a(b)(5)(iv)(E).

Here, however, it does not appear that the ALJ erroneously failed to consider T.I.J.'s supportive educational setting in assessing her limitations. The ALJ's decision explicitly noted

that he had taken account of T.I.J.'s functioning in all settings including school and home, and "considered the type, extent, and frequency of help the claimant needs to function." (Dkt. #10 at 19). The ALJ's decision acknowledges the supports provided to T.I.J., including ADHA medication and monitoring, special education classes, and an individualized education program ("IEP"). (Dkt. #10 at 20-22).

I have considered the rest of plaintiff's claims, and find them to be without merit.


**CONCLUSION**

For the foregoing reasons, I find that the ALJ's decision is supported by substantial evidence, and was not the product of legal error. The plaintiff's motion for judgment on the pleadings (Dkt. #12) is denied, the Commissioner's cross motion for judgment on the pleadings (Dkt. #13) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
February 10, 2022.

7